378 F.2d 369
 Marion J. BERGUIDO, Individually, Marion J. Berguido, Robert
G. Rowe and Warren H. Woodring, Executors of the Estate of
Carlos Berguido, Jr., and June Berguido, Joy Berguido, Jill
Berguido and Carlos Berguido, 3d, By Their Guardian Marion
J. Berguido, Appellants,
v.
EASTERN AIR LINES, INCORPORATED.
 No. 15156.
 United States Court of Appeals Third Circuit.
 Decided June 9, 1967.
 
 Seymour I. Toll, and Charles A. Lord, Philadelphia, Pa. (B. Nathaniel Richter, Arthur G. Raynes, Richter, Lord, Toll & Cavanaugh, Philadelphia, Pa., on the brief), for appellants. Truscott, Kline, O'Neill & Howson, Philadelphia, Pa., of counsel.
 F. Hastings Griffin, Philadelphia, Pa. (Owen B. Rhoads, Dechert Price & Rhoads, Philadelphia, Pa., on the brief) for appellee. Daniel L. Stonebridge, John J. Martin, New York City, of counsel.
 Before STALEY, Chief Judge, and BIGGS, McLAUGHLIN, KALODNER, HASTIE, FORMAN, SMITH, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 On Petition for rehearing of 3 Cir., 369 F.2d 874.
 PER CURIAM:
 
 
 1
 The petition for rehearing is denied.
 
 
 2
 KALODNER, Circuit Judge (dissenting).
 
 
 3
 I would grant the petition for rehearing for these reasons:
 
 
 4
 (1) The trial court's $8300 award to the plaintiffs after it had found that they had suffered damages of $375,000 was based on fact-findings which were 'clearly erroneous' and against the overwhelming weight of the evidence; the trial court applied erroneous legal standards in its categorization of evidence as 'negative' and rejected it for that reason; the fact-findings were based on rank speculation as evidenced by the trial court's statement that 'the actual cause of the crash of Flight 642 cannot be determined on the record before me * * *'; and the trial court's fact-findings were inconsistent, and its judgment was inconsistent with its fact-findings;
 
 
 5
 (2) the trial court and this Court have failed to give effect to dispositive provisions of the Warsaw Convention which (a) accord the presumption of negligence on the part of a carrier where one is killed or injured aboard a plane and (b) make unavailable to the carrier the liability limitations of the Convention where there has been a failure to deliver a passenger ticket which advises the passenger of such limitations.
 
 
 6
 In my dissent reported at 369 F.2d 874, 880-886 (3 Cir. 1966), I spelled out in detail the respects in which the trial court and this Court failed to give effect to the provisions of the Warsaw Convention.
 
 
 7
 It would serve no useful purpose to here restate what I said in my dissent on the score stated.
 
 
 8
 Attention, however, must be called to the fact that the United States Court of Appeals for the Second Circuit, subsequent to the filing of may dissent, has, at 370 F.2d 508 (1966), affirmed Lisi v. Altalia-Linee Aeree Italiance, 253 F.Supp. 237 (S.D.N.Y.1966), where it was held that a passenger ticket similar to that here involved failed to comply with the requirement of the notice provisions of Article 3(1)(e) of the Warsaw Convention and that the liability limitations of the Convention were for that reason not available to the carrier.
 
 
 9
 In affirming, the Second Circuit, after quoting the relevant liability-limiting Articles of the Convention, said at 370 F.2d 511-514:
 
 
 10
 'These Articles, moreover, provide that the ticket and check shall contain certain specified information, including 'a statement that the transportation is subject to the rules relating to liability established by this convention.' Thus, it would appear, that unless the carrier furnishes to the passenger a ticket or baggage check containing the appropriate statement, it may not restrict its liability as circumscribed by the Convention Articles. 'The Convention's arbitrary limitations on liability which have been severely and repeatedly criticized-- are advantageous to the carrier. But the quid pro quo for this one-sided advantage is delivery to the passenger of a ticket and baggage check which give him notice that on the air trip he is about to take, the amount of recovery to him or his family in the event of a crash, is limited very substantially. Thus the passenger is given the opportunity to purchase additional flight insurance or to take such other steps for his self-protection as he sees fit. 'This notice to passengers is especially important in this country where the overwhelming number of people who travel by air do so on domestic flights, for which the Convention's restrictions on liability are inapplicable. It is too much to expect these passengers to be sufficiently sophisticated to realize that although they are traveling the same number of miler on an international flight that they have frequently traveled domestically, the amount they may recover in the event of an accident is drastically reduced. * * * 'We proceed to determine, therefore, whether the particular tickets and baggage checks involved in the present case gave the appellees adequate notice. On the front of the ticket and baggage check, in exceedingly small print, was the following message: 'Each passenger should carefully examine this ticket, particularly the Conditions on page 4.' * * * Judge MacMahon appropriately characterized the 'notice' to the passengers in his pithy conclusion as 'camouflaged in Lilliputian print in a thicket of 'Conditions of Contract' * * *. Indeed the exculpatory statements on which defendant relies are virtually invisible. They are ineffectively positioned, diminutively sized, and unemphasized by bold face type, contrasting color, or anything else. The simple truth is that they are so artfully camouflaged that their presence is concealed.' 253 F.Supp. at 243. Accord, Warren v. Flying Tiger Line, Inc., supra, 9 Cir., 352 F.2d 494, at 497. But see Seth v. British Overseas Airways Corp., 329 F.2d 302 (1st Cir.), cert. denied, 379 U.S. 858, 85 S.Ct. 114, 13 L.Ed.2d 61 (1964). 'We agree that a jury could not reasonably have found that the tickets and baggage checks gave the passengers the required notice. The District Court properly granted partial summary judgment striking out these affirmative defenses of appellant.'
 
 
 11
 The disposition made by this Court at 369 F.2d 874 in the instant case is in conflict with that made by the Second Circuit and for that reason alone requires the granting of the petition for rehearing.
 
 
 12
 STALEY, Chief Judge, joins in this dissent.